# N. Y. SURROGATE'S COURT.

## IN THE MATTER OF THE ESTATE OF THOMAS HAHLIN.

*Illiterate and incompetent executors — Power of surrogate to punish for non-compliance with decree — Practice as to letters testamentary.*

The surrogate has power, under 3 Revised Statutes (*6th ed., page* 839, *section* 4), to punish an executor or executrix for non-compliance with a decree of such court, made on an accounting, directing certain moneys to be paid to a party named in the decree, by a fine or imprisonment, or both, where such misconduct was calculated to, or did, defeat the rights of a party in a matter pending in such court.

In case of inability to perform the requirements imposed by such decree, the court ordering such imprisonment may relieve the person so imprisoned, in such manner and upon such terms as it shall deem just and proper.

Though the scheme of the statute seems to contemplate the commitment first and the relief to be sought thereafter, in this case testimony was taken as to the ability of the executrix to perform the requirements imposed by the decree, to the end that the relief might be afforded without the formal imprisonment, if a proper case should have been made. The evidence established beyond doubt that the executrix was substantially without the means of performing the decree, and that her imprisonment could not aid the beneficiary.

*Held,* that the executrix, being widow of the deceased, and as dowress having an interest in the premises, that interest should be devoted to reimbursing the claimant; and that she should be committed to prison until she should pay the sum required to be paid by said decree, and costs, unless she should execute a release of so much of her interest in the premises, and to the rents thereof, as should be necessary to cover such sums.

By Laws of 1867 (*chap.* 782, *sec.* 5), a discretion is conferred upon the surrogate to refuse the application for letters testamentary or letters of administration of any person unable to read and write. Henceforth such applications will be refused unless specially ordered by the surrogate.

By the statute (*Laws of* 1877, *chap.* 208), any person acting as executor or administrator, who converts to his own use, or fraudulently withholds any money, goods, property, rights in action, &c., belonging to an estate, is guilty of embezzlement, and punishable by *fine* and *imprisonment.*

*October*, 1877.

MOTION to punish Magdalena Hahlin, executrix, &c., of the last will and testament of Thomas Hahlin, deceased, for non-compliance with a decree of the surrogate, made on her accounting, August 17, 1877, directing her to pay certain moneys.

*James G. White*, proctor for legatee.

*Joseph Bellisheim*, proctor for executrix.

*A. C. Anderson*, of counsel.

CALVIN, *Surrogate*.— On the return of the attachment herein, the testimony taken shows substantially that the deceased left a tenement-house somewhat incumbered by mortgage, and a business of purchasing and sale of the broken meats of certain hotels in this city, and the general fragments remaining from their tables. That the will, as understood by the executrix, required her to continue the business so as to preserve it for her eldest son when he should become of age; that for some time she did continue the business, but, as she swears, it proving to be unprofitable, she disposed of it. While there is some testimony showing, or tending to show, that the business was profitable, she admits, under oath, that soon after the decease of her husband, and in 1869, she drew from the savings bank the sum of $1,182, the amount. of a legacy bequeathed to her in said will; that she has collected the rents of the house, but that she has expended all such rents and her own legacy in paying some debts of the testator, in paying interest on the mortgage, making repairs upon

the premises, and in the support of herself and her children, so that she is now entirely destitute of the means by which to perform the decree. It is true that she appears not to have kept any account of her receipts and disbursements, and to have greatly neglected her duty as executrix, yet I do not doubt from the evidence, that she had, without authority, expended the money, and is now without means to comply with the decree. Under section 4, 3 Revised Statutes (*6th ed.*), 839, the prisoner may be committed to prison until such sum, with the costs and expenses of the proceedings, be paid. By section 20, same statute, it is provided that if the court shall adjudge the defendant to have been guilty of the misconduct alleged, and such misconduct was calculated to, or did, defeat, &c., the rights of a party in a matter pending in such court, it shall proceed to impose a fine or to imprison, or both, but in case of inability to perform the requirements imposed, the court ordering such imprisonment may relieve the person so imprisoned in such manner, and upon such terms as it shall deem just and proper. In view of this power, testimony was taken upon the question of the accused being able to perform the requirements imposed, in order that the relief might be afforded without the formal imprisonment, if a proper case should appear to have been made, though the scheme of the statute seems to contemplate the commitment first, and the relief to be sought thereafter. The natural repugnance to imprisoning a woman makes the proceeding peculiarly unwelcome and embarrassing; yet while the law provides for her appointment to such places of trust, I see no good reason why she should not be held to the same strict accountability as males. It very often occurs that an administratrix or executrix is called to account, who has used the funds of the estate for the support of herself and family, entirely regardless of the rights of creditors, heirs, or next of kin or legatees, and who seem to suppose they have done right; but a still greater grievance, as well as inconvenience, arises in very many cases from the absence of any account

whatever of the proceedings of the representatives of estates, resulting frequently from their inability to read and write; and, while I am aware that it has been the custom of this office for many years to issue letters to wholly illiterate persons, while with very rare exceptions the settlements of the estates they have represented have been attended with great expense, uncertainty, dissatisfaction and family discord, as well as serious loss. In view of these well known facts, it seems to me that henceforth the spirit of section 5 of chapter 782 of the Laws of 1867 should be followed, and the discretion there conferred exercised, as a general rule, for the danger of granting letters to illiterate persons there suggested has been fully realized in practice. Indeed, it is self-evident, that where the law requires executors and administrators to render an account of their proceedings as such from time to time, it presupposes them to be capable of keeping and rendering such accounts. Henceforth, applications for letters testamentary and of administration by any person unable to read and write should be refused, unless specially ordered by the surrogate. The prevalence of trustees' defalcations has impelled the legislature of this state to enact a law calculated, by authorizing criminal prosecution, to enforce the honest performance by trustees of their delicate and responsible duties.

Chapter 208 of the Laws of 1877 makes the conversion to his own use, or the fraudulent withholding any money, goods, property, rights in action, &c., belonging to an estate or person, by any person acting as executor, administrator, trustee or guardian, embezzlement, and punishable by fine and imprisonment. It is desirable that this law should be called to the attention of all such trustees, and henceforth the letters issued should contain an indorsement by way of notice of its provisions. I have deemed it to be my duty to say thus much upon the general subject by way of calling attention to the duties and responsibilities of trustees, in the hope that it may result in a more diligent, faithful and honest administra-

Matter of Hahlin.

tion of their trusts. Now, as to the proper disposition of this motion, the delinquent executrix may congratulate herself that the law just cited is not retroactive. I entertain no doubt on the evidence that she is substantially without the means of performing the decree in this matter, and that her imprisonment cannot aid the beneficiary, whose funds have been misappropriated, and as the widow, as dowress, has an interest in the premises, it seems to me that that interest should be devoted to reimbursing the claimant. She should be committed to prison until she shall pay the sum required to be paid by said decree, and fifty dollars cost of this proceeding, unless she shall execute a release of so much of her interest in the premises and to the rents thereof as shall be necessary to cover such sums.